PRIMITIVO BONILLA, ETC., Plaintiff and Appellee, v. ELADIO MITCHEL, Defendant and Appellant.

No. 7112. Argued March 11, 1937.—Decided March 16, 1937.

*Miguel Bahamonde* for appellant. *Luis Mercader* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The plaintiff, a young man of about 20 years of age, worked as an employee of the defendant in the operation and management of a merry-go-round or carrousel which the defendant had installed in the town of Adjuntas. It was alleged in the complaint that the defendant employer was not insured with any company nor with the State Fund; that on August 25, 1933, while the plaintiff was working in defendant's carrousel, his left foot was inadvertently caught by the pinion of the fly-wheel of the machine, destroying part of the foot, which made necessary the amputation of four of his toes; that as a result of said accident the plaintiff was confined in the hospital until December 12 of the same year, or for a period of three months and sixteen days; that the accident occurred without any fault or negligence on the part of plaintiff; and that the latter has suffered intense pains, and is mutilated and incapacitated for work. Judgment was demanded against defendant for the sum of $3,000 as damages together with costs and attorney's fees.

The defenses set up by the defendant were:

1. That the accident was due exclusively to the gross negligence and drunkenness of the plaintiff.

2. That the complaint does not state facts sufficient to constitute a cause of action.

3. That section 31 of Act No. 85 of 1928, entitled ''Workmen's Accident Compensation Act,'' on which this action is based is void and unconstitutional, violates constitutional rights of the employer, and. is contrary to law.

After a trial, the District Court of Ponce adjudged the defendant to pay the sum of $500 as compensation, together with costs, expenses, and attorney's fees. The defendant appealed, and he has assigned the following errors:

1. Insufficiency of the facts alleged in the complaint.

2. That the lower court erred in failing to decide that section 31 of Act No. 85 of 1928 is null and unconstitutional.

3. That the lower court erred in weighing the evidence.

4. That the compensation allowed is excessive.

5. That the lower court erred in awarding costs, including attorney's fees.

We will discuss the supposed errors in the same order in which they have been assigned.

■■■ Section 31 of the Workmen's Compensation Act (Act No. 85 of 1928, page 630) reads thus:.

''Section 31.—If any employer shall fail to secure the payment of compensation for labor accidents in accordance with this Act, any injured employee or his dependents may proceed against such employer by filing an application for compensation with the commission, and, in addition thereto, such injured employee or his dependents may bring an action at law against such employer for damages, the same as if this Act did not apply, and shall be entitled in such action to the right, without furnishing bond, to attach the property of the employer in an amount to be fixed by the court, to secure the payment of any judgment which may ultimately be obtained. Such attachment shall include a reasonable attorney's fee to be fixed by the court.

''If, as a result of such action for damages, a judgment is rendered against the employer in excess of the compensation awarded under

this Act, the compensation awarded by the Commission, if paid, or if secured by security approved by the court, shall be credited upon such judgment; provided, that in such action it shall be presumed that the injury to the employee was a direct result and grew out of the negligence of the employer, and the burden of proof shall rest upon the employer, to rebut the presumption of negligence. In such proceeding it shall not be a defense to the employer that the employee may have been guilty of contributory negligence, or that he assumed the risk of the hazard complained of, or that the injury was caused by the negligence of a fellow worker, or that the injury was caused by the negligence of a sub-contractor or of an independent contractor, unless the contractor or independent sub-contractor shall have been insured in accordance with the provisions of this Act.''

Appellant maintains that the complaint is insufficient because it is only alleged therein that the defendant was not insured ''in any company nor with the State Fund in this Island,'' and it is not alleged that it was not a self-insurer either, which is the third mode of insurance authorized by section 26 of said Act No. 85 of 1928.

It is true that an injured workman can not bring an action for damages against his employer except where the latter fails to be insured in one of the manners authorized by said section 26 of the act; and that when the employer has insured the payment of compensation for accidents occurring during the course of the employment, the only remedy which the employee has against him is that of filing a petition for compensation with the commission. (Section 33, Act No. 85 of 1928.) See *Machado* v. *The American Railroad*, 49 P.R.R. ____.

Undoubtedly the complaint filed in this case would be more correct if besides the allegation that the defendant was not insured with any company nor with the State Fund it had also contained the allegation that defendant was not a self-insurer either; but we do not think that said allegations are absolutely necessary in order for the complaint to state a cause of action. If the defendant was in fact a self-insurer,

which fact was better known to himself than to anybody else, he could very well allege it as a matter constituting a defense to the action for damages. The defendant failed to do so. The record does not show that the latter has at any time alleged or proved that he was his own insurer. The silence of defendant on this point is sufficient for us to presume that he was not such self-insurer.

Any person injured as a result of an act or omission of another is entitled to claim compensation. It is only where the injured person is an employee and the employer is insured in some of the manners authorized by law, that the latter deprives the employee of the right granted by section 1802 of the Civil Code (1930 ed.) to bring an action against the employer. When the injured workman institutes an action for damages against the employer, the plaintiff does not have to allege that the defendant has not insured the payment of compensation to his employees. The fact that he is insured in one way or another is a matter of defense which must be alleged and proved by the employer to defeat the action for damages and compel the employee to file his claim with the Compensation Commission in accordance with the procedure fixed by the statute. The plaintiff was not bound to anticipate any defenses which might be set up by the defendant. The objection which the appellant now raises comes too late, is frivolous and should be dismissed.

 The arguments of appellant in support of the supposed nullity and unconstitutionality of section 31, *supra*, may be summarized as follows:

(*a*) That the statute objected to imposes on the employer the burden of proof to contradict the presumption of negligence, deprives him of the common-law defenses, among which is that of contributory negligence, and does not mention the defenses which the employer might interpose to the action of the injured employee, leaving the employer shackled and helpless.

(*b*) That section 31 is discriminatory and unreasonable and violates the right to property of the employer and deprives the latter of his property without due process of law, for it grants the injured workman the right to attach the property of the employer to secure the effectiveness of any judgment that might be rendered, without giving a bond.

In deciding in favor of the constitutionality of the Workmen's Compensation Act of the State of New York, which contains similar provisions to the ones applicable herein, the Supreme Court of the United States, in the case of *New York Central R.R. Co.* v. *White*, 243 U. S. 188, 61 L. Ed. 667. held as follows:

"The close relation of the rules governing responsibility as between employer and employee to the fundamental rights of liberty and property is of course recognized. But those rules, as guides of conduct, are not beyond alteration by legislation in the public interest. No person has a vested interest in any rule of law entitling him to insist that it shall remain unchanged for his benefit. (Citations.) The common law bases the employer's liability for injuries to the employee upon the ground of negligence; but negligence is merely the disregard of some duty imposed by law; and the nature and extent of the duty may be modified by legislation, with corresponding change in the test of negligence. Indeed, liability may be imposed for the consequences of a failure to comply with a statutory duty, irrespective of negligence in the ordinary sense; safety appliance acts being a familiar instance. (Citations.) . . . .

"This court repeatedly has upheld the authority of the States to establish by legislation departure from the fellow-servant rule and other common-law rules affecting the employer's liability for personal injuries to the employee. (Citations.) . . . .

"Much emphasis is laid upon the criticism that the act creates liability without fault. This is sufficiently answered by what has been said, but we may add that liability without fault is not a novelty in the law. The common-law liability of the carrier, of the inn-keeper, of him who employed fire or other dangerous agency or harbored a mischievous animal, was not dependent altogether upon questions of fault or negligence. Statutes imposing liability without fault have been sustained. (Citations.)"

In *Hawkins* v. *Bleakly,* 243 U. S. 210, 61 L. Ed. 678, the said Supreme Court reaffirmed its decision in the case of *New York Central R.R. Co.* v. *White, supra,* and in maintaining the validity of the Workmen's Compensation Act of the State of Iowa, it declared:

"Some of appellant's objections are based upon the ground that the employer is subjected to a species of duress in order to compel him to accept the compensation features of the act, since it is provided that an employer rejecting these features shall not escape liability for personal injury sustained by an employee arising out of and in the usual course of the employment because the employee assumed the risks of the employment, or because of the employee's negligence unless this was willful and with intent to cause the injury or was the result of intoxication, or because the injury was caused by the negligence of a co-employee. But it is clear, as we have pointed out in *New York Central R. R. Co.* v. *White,* decided this day, *ante,* 188, that the employer has no vested right to have these so-called common-law defenses perpetuated for his benefit, and that the Fourteenth Amendment does not prevent a State from establishing a system of workmen's compensation without the consent of the employer, incidentally abolishing the defenses referred to.

"The same may be said as to the provision that in an action against an employer who has rejected the act it shall be presumed that the injury was the direct result of his negligence, and that he must assume the burden of proof to rebut the presumption of negligence. In addition, we may repeat that the establishment of presumptions, and of rules respecting the burden of proof, is clearly within the domain of the state governments, and that a provision of this character, not unreasonable in itself and not conclusive of the rights of the party, does not constitute a denial of due process of law. (Citations.)"

Appellant has attempted to distinguish the case of *Hawkins* v. *Bleakly, supra,* from the instant case, claiming that the Iowa statute abolishes the common-law defenses, but leaves other defenses available to the employer, such as intoxication and a malicious intention on the part of the workman to cause himself harm, whereas the Puerto Rico statute does not mention the defenses which the employer might interpose to the action of the injured workman. There

is no merit in this contention. Section 4 of said Act No. 85 of 1928 provides:

"Section 4.—Accidents happening under the following circumstances are not labor accidents, and, therefore, shall not entitle a laborer or his heirs to compensation under this Act:

"1. When the laborer attempts to commit a crime or to injure his employer or any other person, or when he voluntarily causes himself injury.

"2. When the laborer is intoxicated, provided such intoxication is the cause of the accident.

"3. When the injury is caused the laborer by the criminal act of a third person.

"4. When the recklessness of the laborer is the sole cause of the injury."

All said defenses enumerated in section 4, *supra,* can be interposed by the employer who is insured and is sued in the Compensation Commission for injuries suffered by his employee; and can also be interposed by the defendant employer in an ordinary action for damages, for section 31, *supra,* deprives the employer who is not insured only of those defenses expressly enumerated in the same section, that is, contributory negligence, the assumption of risk, and the negligence of a fellow-servant or subcontractor or independent contractor, but does not deprive him of the defenses mentioned in section 4, *supra.* The best proof of this is that defendant in the instant case has set up as a defense the supposed drunkenness of the plaintiff as being the sole cause of the injury.

We are of the opinion that the statutory provisions which we are considering do not violate in any manner the constitutional rights of the defendant, and that we must hold them to be valid and binding.

■ Appellant maintains that the lower court erred in the weighing of the evidence, but he does not say that the alleged error was due to passion, prejudice or partiality on the part of the court. We have made a careful study of the evidence

offered by defendant to prove his defense of drunkenness of the employee, as the only cause of the injury, and also that offered by the employee to prove that he was sober at the time of the accident. Considered as a whole, the evidence presented a conflict to be adjusted by the lower court, before which the witnesses for both sides testified. In deciding said conflict the lower court said:

"All of the evidence for the defendant tended to establish the fact that the plaintiff was intoxicated on the night of the accident. The court holds that this evidence does not deserve credit and that in its opinion the same has failed to overcome the presumption of negligence established by section 31 of the Law."

As from the record sufficient evidence appears, which the court believed, to establish that the plaintiff was not drunk at the time of the accident, we are to respect and sustain the findings of fact of the lower court and dismiss the error assigned.

██ The assignments 4 and 5 must be dismissed as not being meritorious. A compensation of $500 for injuries which resulted in the amputation of four toes and which compelled the plaintiff to be confined in a hospital for more than three months and to undergo two operations, is not excessive. And we do not think that the court abused its discretion in awarding attorney's fees to the plaintiff. The defendant could have reduced the amount of compensation, to conform the same to the rules of the Compensation Commission, and avoid the payment of attorney's fees, by insuring his employees in one of the manners authorized by law. He failed to do this and decided to run the risk of an action for damages.

The judgment appealed from seems to be just and reasonable and must be affirmed.